UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| UNIVERSITY OF KENTUCKY RESEARCH FOUNDATION, INC., <br><br> PLAINTIFF <br><br> v. <br><br> NIADYNE, INC., <br><br> DEFENDANT. | CIVIL ACTION NO. 3:13-CV-00016-GFVT <br><br> *Electronically Filed* |

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Defendant's untimely removal of this contract dispute involving a Plaintiff with Eleventh Amendment immunity must be remanded to the Franklin Circuit Court.

The University of Kentucky Research Foundation, Inc. ("UKRF") initiated this action by filing a Complaint in Franklin Circuit Court against Niadyne, Inc. ("Niadyne") seeking to recover unpaid royalties and secure relief for failure to commercialize products as a breach of a License Agreement between the parties. Niadyne's attempt to remove this case fails for three independent reasons - there is no federal question in either the complaint or the counterclaim, the removal is untimely, and the Eleventh Amendment bars Niadyne's counterclaims against UKRF. There is no federal question because UKRF's complaint does not plead a patent claim, either expressly or by indirection, and the counterclaim is likewise based on the parties' contract. Removal is untimely because the Complaint and Summons were served on June 26, 2012 and Niadyne did not file its Notice of Removal until March 26, 2013, nine months after it received service of the complaint. Nothing in UKRF's complaint changed during this time and the Notice of Removal offers no basis for Niadyne's delay in seeking removal. Finally, UKRF is an arm

of the University of Kentucky, and no suit for damages on these so-called patent claims may be prosecuted against a State in federal court under the Eleventh Amendment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Niadyne admits in both its original Answer and its Amended Answer that "UKRF is an affiliated corporation, as described by Kentucky Revised Statute 164A.610, of the University of Kentucky, a state agent." (Complaint, ¶ 1 and Answer, ¶ 1.)  It is a Kentucky non-profit corporation, controlled by the University of Kentucky, and chartered to promote education and research.  UKRF is the University of Kentucky's designated agent for the purpose of commercializing intellectual property.  "All rights to intellectual properties as defined in Section III shall be owned and controlled by the University through its designated agent, the University of Kentucky Research Foundation (UKRF)."  University of Kentucky Administrative Regulation ("AR") 7:6(IV).  Pursuant to this designation from the University, UKRF funds, develops, owns and licenses certain rights in intellectual property developed by University of Kentucky employees.

Specific to this dispute, UKRF is the owner of patents on certain niacin molecules that possess skin repairing properties and which may be incorporated into topical creams for cosmetic and medical uses ("Molecular Patents") (Complaint, ¶ 5).  Pursuant to a License Agreement dated June 10, 1998 and an Amendment to License Agreement dated December 31, 2004 (collectively, "License Agreement"), UKRF licensed this molecular technology to Niadyne  in exchange for Niadyne's promises to pay royalties and to commercially develop the technology. (Complaint, ¶ 10.)  The License Agreement requires Niadyne to make royalty payments based on the net sales price of products and processes sold by Niadyne or any of its affiliates or subsidiaries. (Complaint, ¶ 10.) Additionally, the License Agreement requires Niadyne to

maintain books of account containing all information necessary to show the royalty payments owed to UKRF and to provide UKRF with semi-annual reports of business activities involving the Molecular Patents that are pertinent to a royalty accounting. (Complaint, ¶ 11.)

On June 20, 2012, after numerous attempts at resolution failed, UKRF initiated this action in the Franklin Circuit Court against Niadyne for breach of the License Agreement alleging that Niadyne's royalty reports failed to identify sales of products made by Niadyne affiliates or make royalty payments associated with such affiliate sales.[1]  Niadyne's royalty reports also understated the price of bulk sales products sold by Niadyne to StriVectin, using artificially low transfer pricing to calculate the royalties owed to UKRF under the License Agreement.  UKRF also seeks a declaration from this court that Niadyne has breached the License Agreement by failing to use its best efforts to bring several of the patented niacin molecules to market. (Complaint, ¶ 24.)  The Complaint does not assert a patent infringement claim or otherwise seek to enforce UKRF's patent rights.

On June 26, 2012, Niadyne received service of the Complaint and Summons.  Niadyne did not file its Notice of Removal within thirty days as required under 28 U.S.C. § 1446(b).  Instead, Niadyne filed a motion to dismiss Counts III (failure to commercialize) and IV (indemnity) of the Complaint on September 21, 2012.  After the motion to dismiss was fully briefed and argued, the Franklin Circuit Court issued an Order denying the motion on November 14, 2012.  The merits of the suit were joined by Niadyne when it filed its Answer to all four Counts of the Complaint on November 26, 2012.  Niadyne and UKRF jointly tendered an

---

[1] The Kentucky General Assembly may waive sovereign immunity and can direct in which manner and in what courts claims may be brought against the state.  KRS 45A.245, creates a limited exception to the sovereign immunity of the Commonwealth by allowing persons to institute claims in Franklin Circuit Court for breach of a written contract with the Commonwealth.   Franklin Circuit Court is the only venue in which this action can be heard

Agreed Scheduling Order, which was entered by the Court on December 20, 2012.  UKRF served requests for production of documents on December 21, 2012 and Niadyne served discovery requests on January 29, 2013.  The parties have proceeded with substantive discovery and the case was proceeding to resolution on the merits.

On February 25, 2013, Niadyne replaced its counsel with the undersigned counsel of record.  On March 1, 2013, Niadyne moved for leave of the Franklin Circuit Court to amend its Answer and assert counterclaims against UKRF.  In its Motion, Niadyne acknowledged that "the amendment is appropriate because Niadyne has retained new counsel and the failure to file the proposed counterclaims in the original Answer was caused by oversight, inadvertence, or excusable neglect." (Motion to File Amended Answer/Counterclaim, ¶ 5.)  Niadyne's Counterclaims included Declaratory Judgment counts of Non-Infringement based upon Patent Exhaustion and Non-Infringement based upon Patent Misuse.  On March 15, 2013, Niadyne's Answer and Counterclaim was filed.   On March 26, 2013, nine months after being served with the Complaint, Niadyne filed its Notice of Removal.

## ARGUMENT

A federal court's removal jurisdiction is established in 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Not only is the original jurisdiction required for removal lacking, but any such claims against UKRF are barred by the Eleventh Amendment.

I. **NEITHER THE COMPLAINT NOR THE COUNTERCLAIM STATE A FEDERAL QUESTION.**

Niadyne argues that federal-question jurisdiction existed under 28 U.S.C. § 1331 because UKRF's complaint is a "hypothetical complaint" for patent infringement. (Notice of Removal, ¶ 4.) Niadyne offers the following re-characterization of UKRF's Complaint:

> By its Complaint, UKRF seeks to enforce its patent rights and, among other things, to recover purported damages related to products that incorporate the patented molecules downstream of Niadyne's bulk product sales. In seeking payment for both bulk sales and downstream finished product sales, UKRF's claims are in essence that such finished product sales by Niadyne's bulk product customers are an infringement of UKRF's patent rights. (Notice of Removal, ¶ 2.)
>
> UKRF's Complaint asserts a breach of the patent license agreement in contract, however, in doing so UKRF is asserting its patent rights against Niadyne and related to sales of its customers, necessarily invoking the federal patent laws of the United States. (Notice of Removal, ¶ 5.)

Niadyne's characterization of UKRF's cause of action lacks both factual and legal merit. It is clear on the face of UKRF's complaint that it seeks damages under the License Agreement for Niadyne's failure to comply with its contractual obligations to make royalty payments and develop the technology. All allegations are based upon the terms of the parties' agreement. UKRF has not alleged patent infringement and has not sought to enforce any patent rights associated with the Molecular Patents, only its contract rights. Niadyne's strained efforts at adding patent allegations to its counterclaim are also clearly contract based. The logic behind Niadyne's belated attempts to re-characterize this contract claim action as a patent case was rejected by the Sixth Circuit holding that a party must:

> appreciate the distinction between a patent claim which arises under federal statutes relating to patents and which requires the court to interpret the validity and scope of a particular patent within section 1338, and a contract claim in which patent issues are

> merely incidentally implicated. *Boggild v. Kenner Products*, 853 F.2d 465, 468 (6th Cir. 1988).

Likewise, Niadyne's reliance on <u>ABB, Inc. v. Cooper Indus. LLC</u>, 635 F.3d 1345 (Fed. Cir. 2011) to support its argument that UKRF is hypothetically asserting a patent infringement case and, therefore, federal-question jurisdiction is present is misplaced. In *ABB, Inc.*, the court found that the controversy involved federal-question patent infringement when Cooper, a patent owner, claimed that ABB, a licensee, had no right under the license agreement to outsource production of the patented product to Dow. Cooper wrote ABB and Dow threatening patent infringement if outsourcing occurred. *Id.* at 1347. ABB filed a declaratory judgment action seeking a declaration that it did not infringe the Cooper patents. Unlike this case, Cooper could not recover damages under its contract against ABB on a breach of contract theory for Dow's outsourcing, and a Texas court had previously rejected Cooper's argument that the contract contained an enforceable negative implied covenant not to infringe. *Id.* at 1348. Likewise, there is no need to look at a hypothetical complaint because UKRF's complaint is for breach of contract and does not assert a claim for patent infringement.

## II. EVEN ASSUMING A FEDERAL QUESTION IS PRESENT, NIADYNE'S NOTICE OF REMOVAL IS UNTIMELY.

### A. <u>28 U.S.C. § 1446(b) Required Niadyne to Remove Within Thirty Days from Service.</u>

Assuming arguendo that Niadyne's inventive characterization of UKRF's Complaint is accepted, removal is still impermissible. The right of a party to remove an action to federal court is also subject to the temporal limitations set forth in 28 U.S.C. § 1446(b)(1) and (3), which provide:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth

> the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.* (emphasis added).

The Sixth Circuit has made it clear that these requirements should be strictly construed and that "federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of § 1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Niadyne was served with UKRF's Complaint on June 26, 2012. To the extent UKRF's Complaint may be characterized as stating a patent infringement claim, it is clear that federal-question jurisdiction would have existed in June 2012. See, *Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002). Section 1446(b) still required Niadyne to file its Notice of Removal on or before July 26, 2012. Niadyne, however, did not file its notice until nine months after the deadline, on March 26, 2013.

### B. The Date of the Franklin Circuit Court's Order Authorizing Niadyne to File a Counterclaim is Irrelevant.

Niadyne attempts to avoid remand under § 1446(b) by claiming that removal is timely, "having been made and filed within thirty days of the Franklin Circuit Court granting Niadyne's motion to amend its answer and assert counterclaims which involve causes of action arising under and invoking the federal patent laws of the United States." (Notice of Removal, ¶ 6.) Niadyne's argument is meritless. Section 1446(b)(3) only applies "if the case stated by the initial pleading is not removable." As set forth above, the case *as characterized by Niadyne's view of*

*UKRF's Complaint* has not change since it was filed. It is also clear from the face of the Counterclaim that it could have been filed along with the initial Answer in this case. The allegations made by Niadyne were known at the time. Indeed, in its Motion for Leave to File Amended Answer and Counterclaim filed with the Franklin Circuit Court on March 1, 2013, Niadyne acknowledged that "the failure to file the proposed counterclaims in the original Answer was caused by oversight, inadvertence, or excusable neglect." This is not a case where facts discovered months after the filing of the Complaint led Niadyne to the conclusion that a counterclaim was necessary. Rather, Niadyne simply failed to act within the prescribed time period and, therefore, remand is required.

### C. 28 U.SC. § 1454 Does Not Authorize Niadyne's Removal.

Niadyne also cites 28 U.S.C. § 1454 as a basis for removal. This recently enacted statute provides: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a). While not specifically stated in the Notice of Removal, Niadyne may be relying on § 1454(b), which recognizes limited exceptions to the applicability of the thirty day requirement of § 1446.[2] However, § 1454(b) is clear that the time requirement of § 1446 still applies to removal of actions under § 1454:

> The removal of an action under this section shall be made in accordance with section 1446, except that **if the removal is based solely on this section** – (1) the action may be removed by any party; and (2) the time limitations contained in section 1446(b) may be extended at any time **for cause shown**.

---

[2] As previously discussed, Niadyne's attempt to label this as a patent case is without merit and, therefore, § 1454 is not applicable.

28 U.S.C. § 1454(b) (emphasis added.)  Accordingly, Niadyne was required to meet the thirty-day removal deadline even when removing the case under § 1454.  Niadyne fails to meet these exceptions for two reasons.

First, removal of this case is not based solely on § 1454.  On this point, Niadyne's Notice of Removal clearly provides that "[r]emoval is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because this case is one in which the Court has federal-question jurisdiction." (Notice of Removal, ¶ 4.)  Niadyne's Notice of Removal refers to § 1454 only once, in the opening sentence listing all of the statutes that purportedly authorize removal and does not even cite this portion of the rule.

Second, Niadyne cannot satisfy the cause requirement.  UKRF's Complaint is unchanged from the date it was served.  In its Motion to File an Amended Answer/Counterclaim, Niadyne admitted that its counterclaim was filed nine months after service due to Niadyne's "oversight, inadvertence, or excusable neglect." (Motion to File Amended Answer/Counterclaim ¶ 5.) The Notice of Removal provides *no* explanation for Niadyne's nine month delay and, therefore, § 1454 cannot serve as a basis for removal.

Because this statute was recently enacted, few courts have addressed the showing of cause required under § 1454(b) to obtain relief from the time limitations of § 1446(b).  However, in a recent unpublished opinion, the Eastern District of Louisiana found that a removing party must demonstrate why it did not timely file its Notice of Removal.  *BeneSmart, Inc. v. Total Financial Group, LLC*, Civil Action No. 12-2645, 2012 U.S. Dist. LEXIS 171143 *16 (E.D. La. December 3, 2012).  Addressing the issue, the court reasoned as follows:

> To the extent that Defendants might argue that they needed more time to research removal, the Court notes that the face of Plaintiff's state court petition clearly indicates that copyrighted material may be at issue in this case.  As such, the Defendants were on notice

>from day one that removal might be warranted, and that it was
>necessary for them to diligently research the issue. Thirty days
>was assuredly enough time to conduct that research.

*Id.* at *17. This rationale applies with equal force in this case. According to Niadyne's own Notice of Removal, UKRF's Complaint made it clear to it that patent right may be at issue in the action (although Plaintiff disputes that any patent rights are at issue, the nature of the matter was at all times clear to Niadyne). Niadyne, therefore, was on notice from June 26, 2012, the date it received service of the Complaint, that removal might be warranted, and that it should address the issue immediately. The thirty days provided by § 1446(b) offered Niadyne sufficient time to conduct any research necessary and determine whether to assert a counterclaim and attempt to remove the case to federal court. Niadyne's pleading provides *no* basis to show that it required nine months to determine that the case should be removed.

### III.   BECAUSE NIADYNE'S CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT, THERE IS NO FEDERAL JURISDICTION AND THIS MATTER MUST BE REMANDED.

UKRF initiated this action in the Franklin Circuit Court pursuant to the state contract claims act, KRS 45A.225 to 45A.290, for breach of the License Agreement. The complaint sets forth solely a state law breach of contract claim. The complaint does not involve a federal question nor does it involve citizens of a different State. See, <u>Postal Telegraph Cable Co. v. State of Alabama</u>, 155 U.S. 482, 487 (1894) (a State is not a 'citizen' for purposes of diversity jurisdiction). There is simply no basis for federal jurisdiction in the original complaint. Niadyne seeks to avoid this deficiency by raising counterclaims purportedly based on federal law. While the so-called counterclaims are all actually based on the parties' contract and are contract claims, even if the counterclaim did raise federal questions of patent law, the Eleventh Amendment bars such claims.

The University of Kentucky is the state for all Eleventh Amendment purposes. *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1997). See also, *Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1997) (the University of Kentucky is a state agency entitled to sovereign immunity). UKRF, as an affiliated corporation carrying out university functions, is also an arm of the state for Eleventh Amendment purposes and is entitled to the same immunity. *Autry v. Western Kentucky University*, 219 S.W.3d 713 (Ky. 2007). See also, *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005) (en banc) (discussing criteria for determining if an entity is the State for Eleventh Amendment purposes).

The Eleventh Amendment bars claims against the States based on alleged infringements of the patent laws of the United States. See, *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627 (1999). Because UKRF is the State for Eleventh Amendment purposes, even if Niadyne did have a claim under U.S. patent laws, the Eleventh Amendment bars its claim. Accordingly, there is no basis to remove this case to federal court and it should be promptly remanded to Franklin Circuit Court.

**IV.   THE COURT SHOULD AWARD UKRF ITS COSTS AND ATTORNEY FEES INCURRED AS A RESULT OF THE IMPROPER REMOVAL.**

When a case is improperly removed, as was done here, 28 U.S.C. § 1447(c) authorizes the Court to require from the removing party "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The propriety of awarding costs and expenses depends on whether the removal was "objectively reasonable" or "fairly supportable." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060-61 (6th Cir. 2008). Here, Niadyne removed a case that involves no federal claims, did so in an untimely manner, and asserted claims clearly barred by the Eleventh Amendment. Niadyne's removal is objectively unreasonable and finds no support in the law. Accordingly, the Court should remand the case to

the Franklin Circuit Court and order Niadyne to pay UKRF's costs and expenses, including attorney fees, incurred as a result of the removal.

## CONCLUSION

Based on the foregoing, UKRF requests that the Court remand this action to the Franklin Circuit Court and award costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

/s/ *R. Benjamin Crittenden*
Philip W. Collier
Thad M. Barnes
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
pcollier@stites.com
tbarnes@stites.com

Mark R. Overstreet
R. Benjamin Crittenden
STITES & HARBISON, PLLC
421 West Main Street
P.O. Box 634
Frankfort, KY 40602-0634
Telephone: (502) 223-3477
moverstreet@stites.com
bcrittenden@stites.com

William E. Thro, Esq.
University of Kentucky
301 Main Building
Lexington, KY 40506-0032
Telephone (859) 257- 2936
william.thro@uky.edu

COUNSEL FOR PLAINTIFF, UNIVERSITY OF KENTUCKY RESEARCH FOUNDATION, INC.

## CERTIFICATE OF SERVICE

    It is hereby certified that on this 25th day of April, 2013, a copy of the foregoing *Memorandum in Support of Motion to Remand* was filed electronically with the Clerk's office by using the CM/ECF system and served electronically and via United States Mail, postage prepaid, upon the parties listed below. Parties may also access this filing through the Court's ECF system.

| | |
|---|---|
| Kevin T. Duncan | R. Anthony Young |
| Michael A. Valenti | Wyrick Robbins Yates & Ponton LLP |
| John E. Hanley | 4101 Lake Boone Trail, Suite 300 |
| One Riverfront Plaza, Suite 1950 | Raleigh, NC  27607 |
| 401 West Main Street | |
| Louisville, KY  40202 | |

                                           /s/ *R. Benjamin Crittenden*
                                           Counsel for Plaintiff, University of
                                           Kentucky Research Foundation, Inc.

926960:1:LOUISVILLE